UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| RAYMOND H. RYAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No. SA-08-CV-927-XR |
| | ) | |
| DEPARTMENT OF THE AIR FORCE, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**ORDER**

On this date the Court considered Defendant's motion to dismiss (docket no. 8) and the various responses and replies thereto. After careful consideration, the Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

**I. Procedural Background and Plaintiff's Allegations**

**A. The October 4, 2007 MSPB Order (MSPB docket number DA-0752-06-0393-I-1)**

The history of this case begins with the decision of the Department of the Air Force ("Air Force") to terminate Plaintiff's employment. Plaintiff challenged that decision to an ALJ, arguing that the Air Force's removal decision discriminated against Plaintiff based on a disability involving back pain due to herniated discs and retaliated against him based on whistleblowing activities. The ALJ found that the Air Force proved its charge by preponderant evidence

and that Plaintiff failed to prove his claims of harmful error, disability discrimination, and retaliation.

Plaintiff appealed the decision to the Merit Systems Protection Board ("MSPB"), arguing that the ALJ made various procedural errors, was biased, and wrongly decided that he failed to prove his whistleblower and disability discrimination defenses. The MSPB, in an opinion and order dated October 4, 2007, found that, effective March 21, 2006, the Department of the Air Force ("Air Force") removed Plaintiff from his position as an aerospace engineer, citing Plaintiff's excessive absences. The MSPB stated the following:

> With respect to the appellant's whistleblowing defense, the agency presented clear and convincing evidence that it would have removed the appellant in the absence of his alleged protected disclosures. Specifically, his supervisors and co-worker testified regarding various performance, misconduct, and attendance problems the appellant experienced at work, which ultimately forced the agency to reassign him from Kelly Air Force Base in San Antonio to Tinker Air Force Base in Oklahoma where he could be more closely supervised.[1]  The evidence also established that the appellant's

---

[1]The MSPB observed:

Examples of the appellant's misconduct include: (1) Complaints from the agency's subcontractor that the appellant used abusive language and profanity toward its employees and engaged in unprofessional conduct in his dealings with them, resulting in the subcontractor barring the appellant from its facility and the initiation of an investigation into the appellant's behavior; (2) failure to comply with leave procedures, including when he called in sick on the day an investigator was scheduled to interview him about a property damage allegation, (and then was unable to be reached at home); (3) allegations that he damaged his government computer when he allegedly threw his mouse at his computer screen; and (4) his inability to work with supervisors, colleagues, and the subcontractor, as evidenced by a report

2

> continued absences and failure to report to his reassigned position in Oklahoma caused undue hardship on the agency's operations.
>
> For the same reasons, even assuming that the appellant is disabled under 29 C.F.R. § 1630.2(g), the appellant failed to meet his burden of proving that the agency denied him a reasonable accommodation when it refused to allow him to work from home on a part-time basis. An agency is not obligated to provide a disabled individual with every accommodation he may request. Further, an agency does not have to provide a reasonable accommodation that would cause an "undue hardship" to the agency. In light of the agency's ample evidence that it needed a regular, full-time individual in the appellant's Aerospace Engineer position in the T56 engine program, and that the appellant's absence caused an undue burden on its operations, we find that the agency was justified in not allowing the appellant to telecommute. In addition, the agency could not have been reasonably expected to allow a problematic employee who required close supervision to work from home, as telecommuting would have hindered its ability to supervise the appellant. Finally, as the administrative judge pointed out, the work restrictions imposed by the appellant's physician, that rendered him unable to perform the full-time duties of his position at work, would have been equally applicable at home.
>
> Based on the foregoing, we find that the appellant has failed to show that the agency denied him a reasonable accommodation.

*Ryan v. Dep't of Air Force*, 107 M.S.P.R. 71 ¶¶ 8-10 (MSPB 2007) (citations omitted).

Nevertheless, the MSPB ordered the Air Force to reinstate Plaintiff, concluding that the Air Force failed to satisfy its burden in proving that removal based on excessive absences was warranted:

---

> by an investigator who observed that some of the appellant's co-workers were afraid and intimidated by him.

107 M.S.P.R. 71 ¶ 8 n.3.

As a general rule, an agency's approval of leave for unscheduled absences precludes the agency from taking an adverse action on the basis of those absences. An exception to this general rule exists where an employee makes excessive use of unscheduled leave without pay (LWOP). To sustain an action based on excessive approved absences, an agency must establish that: (1) An employee was absent for compelling reasons beyond his control so that agency approval or disapproval of leave was immaterial because the employee could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless the employee became available for duty on a regular, full-time or part-time basis; and (3) the position needed to be filled by an employee available for duty on a regular, full-time or part-time basis [the "*Cook* criteria"]. This exception, however, only applies in a situation where the employee's absence was due to excessive use of unscheduled LWOP.

Here, the administrative judge found that the agency met the *Cook* criteria and sustained the charge of excessive absence. The agency, however, presented no evidence that the appellant made excessive use of unscheduled LWOP. In fact, it presented no evidence that the appellant was carried on LWOP at all. Rather, the appellant used sick leave to work a reduced schedule from July 24, 2005, through November 18, 2005, as an accommodation for his back injury, and used sick, annual, and holiday leave, among other leave, to cover the period from November 18, 2005, to January 2, 2006. Thus, the exception in *Cook* does not apply. Accordingly, since the agency has not shown that the appellant was on LWOP during the period of charged absences, and *Cook* only applies in situations where the employee's absences were due to excessive use of LWOP, the administrative judge erred by applying the *Cook* exception in this case.

While there is some conflicting evidence regarding whether the appellant was AWOL from January 3, 2006, through the effective date of his removal, resolution of this issue is unnecessary since the agency did not charge the appellant with AWOL, and an adverse action cannot be upheld on the basis of a charge that the agency could have brought, but did not.

*Id.* ¶¶ 5-7 (citations and footnotes omitted). Thus, the MSPB ordered the Air Force to cancel Plaintiff's removal and to reinstate Plaintiff, effective March 21, 2006. The MSPB further ordered the Air Force to issue a check to Plaintiff within 60 days for the appropriate amount of back pay, interest, and other benefits. The MSPB ordered Plaintiff to cooperate in good faith in the agency's efforts to compute the amount of back pay, interest, and benefits due, and requests to help it comply. *Id.* ¶¶ 11-12.

### B. Plaintiff's Petition for Enforcement (MSPB docket number DA-0752-06-0393-C-1)

On December 4, 2007, Plaintiff filed with the MSPB a petition to enforce the aforementioned MSPB order. An ALJ denied the petition in a decision dated April 3, 2008. Docket No. 8, Exh. 1 at 1. The ALJ found that the Air Force fully complied with the MSPB order to cancel removal, reinstating Plaintiff to his previous position or one of similar and comparable duties, and providing Plaintiff a letter directing him to report to work on October 15, 2007 at Tinker Air Force Base in Oklahoma. *Id.* at 3-4. The Air Force refused to pay Plaintiff back pay for the period from March 21, 2006 through October 14, 2007, arguing that, pursuant to Office of Personnel Management regulations, Plaintiff was not entitled to back pay for that period because Plaintiff had not been ready, able and willing to report to work at Tinker during that time. The ALJ agreed, concluding that the Air Force was in compliance with the MSPB's order to

5

calculate and pay the appropriate amount of back pay. Thus, the ALJ denied Plaintiff's petition for enforcement. *Id.* at 4-11.

Plaintiff appealed the ruling to the MSPB. In an order dated September 19, 2008, the MSPB affirmed the ALJ, finding that Plaintiff failed to present any new, previously unavailable evidence and that the ALJ made no error in law or regulation affecting the outcome. In his petition for review, Plaintiff additionally argued that the Air Force was retaliating against him for making certain protected disclosures. The MSPB refused to consider the argument:

> That claim is not properly before the Board in this compliance proceeding. Moreover, under 5 U.S.C. § 1214(a)(3), an employee must first seek corrective action for any whistleblower retaliation from the Office of Special Counsel (OSC) before filing an appeal with the Board, unless the employee has the right to appeal directly to the Board under law, rule, or regulation. Therefore, if the appellant wishes to pursue a new claim of whistleblower retaliation that is unrelated to a claim which he could directly appeal to the Board, he must first file a complaint with OSC.

DA-0752-06-0393-C-1, at 1-2.

**C.    The Complaint**

On November 17, 2008, Plaintiff instituted this action against the Department of the Air Force. Plaintiff alleges in the complaint that on October 4, 2007, the MSPB ordered the Air Force to reinstate Plaintiff within 20 days. Plaintiff states that the Air Force Personnel Center was responsible for carrying out the order of reinstatement but failed to do so, even though Plaintiff provided

6

all requested information to the Randolph AFB Benefits and Entitlements representative. Plaintiff alleges that he filed a timely petition for enforcement of the October 4, 2007 order, and that this petition was denied, granting him the right to pursue the matter "through the Federal Court System." Plaintiff asserts that "this particular case contains certain aspects of discrimination" but fails to articulate further his discrimination charge. Plaintiff seeks damages for mental aguish and punitive damages for Defendant's actions and asserts that Defendant violated Plaintiff's civil rights in violation of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 1983 and 1985, the Family Medical Leave Act of 1993, and 5 U.S.C. §§ 552a, 702, 2301, 2302, 4302, 6383, and 7703.

## II. Motion to Dismiss

### A. Defendant's Arguments

Defendant contends that the Court must dismiss this case pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the Court of Appeals for the Federal Circuit has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1295(a)(9). Section 1295(a)(9) provides the Federal Circuit with exclusive jurisdiction over "an appeal from a final order or final decision of the Merit System Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295(a)(9). An exception for "cases of discrimination" is

created by 5 U.S.C. §7703(b)(2). Therefore, in order for the Plaintiff to properly allege jurisdiction in the district court, he must have alleged discrimination as a basis for the action.

Defendant argues that, despite Plaintiff's conclusory statement in the complaint, discrimination is not and cannot form a basis for this action. Defendant states that disability discrimination was not raised in the petition for enforcement and review, the proceeding from which Plaintiff currently appeals. Defendant argues that Plaintiff's reference to "retaliation" in his petition for enforcement refers to Plaintiff's whistleblower activities rather than Plaintiff's disability discrimination allegations. In response to Plaintiff's argument that his disability discrimination claim alleged in the original MSPB proceeding was incorporated into the petition for enforcement, Defendant counters that Plaintiff never alleged discrimination in the latter proceeding, the two proceedings arose from separate chains of events, and Plaintiff did not present evidence of discrimination during the latter proceeding.

In the alternative, Defendant also moves that Plaintiff's suit should be dismissed for failure to state a claim upon which relief may be granted.

**B.    Plaintiff's Arguments**

In response, Plaintiff contends that, because the initial appeal to the MSPB (docket number DA-0752-06-0393-I-1) included a claim of disability

8

discrimination, he "was not aware that he needed to reiterate this issue when he filed his Petition for Enforcement, since it was already in the record." Plaintiff states that, since the original appeal to the MSPB was "predicated" on disability discrimination and the petition for enforcement was "derived directly from that case," and the filing procedures stated that evidence previously submitted to the judge should not be included in the petition, he did not believe it was necessary to reference the discrimination claim when he pled his petition for enforcement and review. Plaintiff also maintains that Defendant's determination that Plaintiff was not able to perform his duties and therefore was not entitled to back pay under 5 C.F.R. § 550.805 is itself evidence that Defendant discriminated against Plaintiff on the basis of Plaintiff's alleged disability. Plaintiff states that, in his petition for review, he "specifically referenced the Defendant's reversal of position regarding his medical condition and how the disability affected his ability to work." Thus, Plaintiff concludes that there is no "separate chain of events in the MSPB case which do not include the appellant's disability component."

Regarding Defendant's 12(b)(6) motion, Plaintiff simply asserts that his case "does in fact state a claim."

## III. Analysis

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

In assessing Defendant's 12(b)(1) motion, lack of subject matter jurisdiction may be found based on the complaint alone, the complaint supplemented by undisputed facts in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (citations omitted). Plaintiff bears the burden of proof that jurisdiction exists. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted).

Except for cases that involve issues of discrimination, which may be filed in the district court, the Court of Appeals for the Federal Circuit has exclusive jurisdiction over an appeal from a final order or final decision of the MSPB. 28 U.S.C. §§ 1295(a)(9), 7703(b). Therefore, the Court must determine whether this case involves issues of discrimination.

### B. Plaintiff Appeals the 2008 MSPB Order Denying the Petition for Enforcement of the 2007 MSPB Order

As alleged in the complaint, Plaintiff does not appeal the result of the MSPB's 2007 decision on the removal action—in which his discrimination claims were pled, considered, and ruled upon. Rather, Plaintiff states in the complaint that he appeals the MSPB's order denying the latter petition for enforcement and petition for review, in which Plaintiff contends the Air Force failed to comply

with the order to reinstate Plaintiff and to pay him back pay. *See* Docket No. 1 ¶ 5.

Plaintiff does not claim in his complaint that this is an appeal for review of the October 4, 2007 order, and in fact, such an appeal would be time-barred. *See* 5 U.S.C. § 7703 (requiring appeal of MSPB ruling in case involving discrimination to be filed within 30 days after the individual filing the case received notice of the judicially reviewable action). In fact, the October 4, 2007 MSPB order specifically notified Plaintiff that he had 30 days from receipt of the order to file a civil action regarding his discrimination claims. Therefore, the case before the Court can only be an appeal of the MSPB's final order denying the petition for review.

C. **Plaintiff Did Not Raise Discrimination Claims During the Second MSPB Proceeding**

In essence, Plaintiff argues that this case involves issues of discrimination because: (a) the Air Force discriminated against him based on his alleged disability in its actions failing to comply with the order of reinstatement, and (b) he alleged that the Air Force removed him based on discriminatory intent and the MSPB, in its 2007 order of reinstatement, considered and denied that argument.

1. **Plaintiff did not exhaust his administrative remedies prior to alleging that the Air Force discriminated against Plaintiff in its actions allegedly failing to comply with the order of reinstatement**

In the petition for enforcement, consisting of two one-and-a-half page letters written to the ALJ, Plaintiff lists a series of complaints that do not include any disability discrimination allegations. Plaintiff argues that Air Force failed to pay back pay and failed to properly reinstate him. Plaintiff additionally alleges that Air Force was not complying with the MSPB order as a retaliatory measure to punish Plaintiff, but Plaintiff does not state which of Plaintiff's actions Air Force allegedly was retaliating against. Plaintiff asked the ALJ only to resolve the issues cited in the letters and to enforce the reinstatement order against Air Force. Thus, Plaintiff did not raise before the ALJ issues of discrimination in the petition for enforcement.

In the petition for review of the ALJ's ruling, submitted to the MSPB, Plaintiff again raises his inability to present evidence related to the Air Force's decision not to properly reinstate him or pay back pay. Plaintiff complains that the ALJ erred by not permitting Plaintiff to obtain discovery or call witnesses to support his contention that the Air Force did not reinstate Plaintiff in accord with the MSPB's 2007 order of reinstatement. Plaintiff sought to present new evidence that the Air Force failed to reinstate him. Plaintiff also complains that the Air Force's decision to deny back pay was arbitrary. Nowhere did Plaintiff

allege or imply that Air Force's alleged noncompliance was motivated by discriminatory intent.

In response to the motion to dismiss, Plaintiff alleges that Defendant's decision to deny back pay was "an act of retaliation because the MSPB had ruled in the plaintiff's favor." Plaintiff asserts that the Air Force retaliated against him for his whistleblowing actions in which Plaintiff reported up the chain of command "numerous incidents involving the lack of quality workmanship, safety of flight issues and the waste of government material by ... USAF[, a] subcontractor." Plaintiff's retaliation arguments thus relate not to issues of discrimination but to issues of whether the Air Force retaliated against Plaintiff for whistleblowing activities and for his attempt to gain reinstatement and back pay.

Additionally, Plaintiff stated in the petition for review:

> When the administrative judge denied the appellant's petition for enforcement she improperly based her decision on medical evidence that was provided over two years earlier. The administrative judge also failed to consider the rationale as to why the agency had completely reversed its positio[n] on the appellant's medical condition. The administrative judge was well aware that the agency had vigorously argued that the appellant's medical condition was insignificant and was not a factor which prevented him from work. However, now 2 years later when the agency was directed to provide the appellant back pay, the agency concludes the appellant was unable to work.

Plaintiff contends in response to the motion to dismiss that, through this

language, Plaintiff alleged discrimination. Specifically, Plaintiff alleges in the response brief that the Defendant "flip-flopped" its position and "now claims the plaintiff's disability was so severe that he was incapable of working." This argument was not raised in Plaintiff's petition for enforcement, submitted to the ALJ.

More importantly, the Court, like the MSPB, fails to read any discrimination allegation into this language. Defendant argues that its determination that Plaintiff was unable or unwilling to work between the date of his removal and the date of his reinstatement was made upon information from Plaintiff himself that he could not report to work at Tinker AFB. The ALJ concurred, finding that Plaintiff was not able to report to Tinker and that Defendant made an appropriate determination in placing Plaintiff back on AWOL (i.e., nonpay) status when he was reinstated. Neither the ALJ nor the MSPB board made findings regarding discrimination in either the April 3 or September 19, 2008 order, indicating that they did not interpret the petitions as containing discrimination claims. Nor did Plaintiff submit to the ALJ or MSPB any evidence related to disability discrimination that occurred after the MSPB's order of reinstatement.

The Court thus concludes that Plaintiff at no point raised issues of discrimination before the ALJ or MSPB. As a result, the Court does not have

14

jurisdiction to consider any argument that Defendant discriminated against Plaintiff in its reinstatement or back pay decisions because Plaintiff failed to exhaust his administrative remedies before presenting the arguments to this Court. *See, e.g.*, *Coffman v. Glickman*, 328 F.3d 619, 624 (10th Cir. 2003) ("The administrative exhaustion requirement applies regardless of which administrative path the federal employee elects. . . . If the employee chooses to appeal to the MSPB, ... the employee will have a hearing at which he or she must raise his or her claims of discrimination and present evidence in support of those claims in order to exhaust the administrative remedy."); *Stephens v. Connley*, 842 F. Supp. 1457, 1459 (M.D. Ga. 1994), *aff'd without opinion*, 48 F.3d 537 (11th Cir. 1995) (A discrimination claim may be "eliminated from a case either by explicit waiver or through the actions, or inaction, of the petitioning party before the MSPB."); *Blake v. Department of Air Force*, 794 F.2d 170, 173 (5th Cir. 1986) ("However, at her initial MSPB hearing on February 5, 1985, Blake stated that racial discrimination was no longer an issue in the case, and it appears that she waived any allegations of discrimination. Further, the record of the February 5th hearing contains no evidence of racial discrimination. The MSPB hearing officer specifically noted this in his March 15, 1985, decision. In neither her petition nor her reply brief to the MSPB for review of its hearing officer's March 15 decision did Blake ever mention or allege racial discrimination

in any way respecting her removal. In her complaint filed in the district court, Blake again failed to raise or even mention racial discrimination. Given these facts, we find that racial discrimination was eliminated as an issue in this case at both the MSPB level and the district court level, and thus the district court had no subject matter jurisdiction to hear Blake's appeal of the MSPB decision.").

**2. The issues of discrimination Plaintiff previously raised and which were considered by the MSPB in its 2007 ruling cannot be raised in this appeal**

Plaintiff further contends that this action involves issues of disability discrimination because he argued in his original MSPB action, which resulted in the 2007 order of reinstatement, that the Air Force's decision to remove him was motivated by discriminatory intent. However, as discussed above, Plaintiff did not so state in the complaint. Nor could Plaintiff challenge that ruling at this point in time. As stated in the MSPB's 2007 order, Plaintiff was required to challenge the MSPB's 2007 order within 30 days of that order. *See* 5 U.S.C. § 7703 (requiring appeal of MSPB ruling in case involving discrimination to be filed within 30 days after the individual filing the case received notice of the judicially reviewable action). "Timeliness being jurisdictional, ... it is clear that we lack jurisdiction over the MSPB's [2007] final order." *Campbell v. Geren*, 318 F. App'x. 884, 886 (Fed. Cir. 2008).

16

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction (docket no. 8) is GRANTED. This action is dismissed for lack of jurisdiction. Because the Court lacks subject matter jurisdiction over Plaintiff's remaining claims, the Court will not herein address Defendant's motion to dismiss for failure to state a claim. All other pending motions are dismissed as moot.

It is so ORDERED.

SIGNED this 31st day of July, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE